United States District Court
Southern District of Texas

**ENTERED**
July 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| WILSON ACOSTA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00282 |
| | § | |
| SERVBANK, SB, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before me is Defendant Servbank, SB's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56.[1] Dkt. 15. Having considered the motion, the record, and the applicable law, I grant the motion for summary judgment.

## BACKGROUND

In February 2015, Plaintiff Wilson Acosta and his wife purchased the property located at 3902 Lupin Bush Lane, Manvel, Texas 77578 (the "Property"). The Acostas executed a Promissory Note (the "Note") in the amount of $397,267. To secure repayment of the Note, the Acostas executed a deed of trust, granting a security interest in the Property. Servbank is the current Noteholder and beneficiary of the deed of trust.

The Acostas defaulted on the November 1, 2023 payment on the Note, and have failed to make all subsequent payments.

On January 4, 2024, Servbank sent the Acostas a notice of default and notice of intent to accelerate, informing the Acostas that their loan was in default in the amount of $10,376. ServBank explained to the Acostas that failure to cure the default by February 8, 2024, would result in acceleration of the loan and

---

[1] Although the title of Servbank's motion suggests that Servbank is seeking dismissal for failure to state a claim and for summary judgment, the motion focuses on whether summary judgment is proper.

foreclosure proceedings. The Acostas did not cure the default. On April 3, 2025, Servbank, through its foreclosure counsel, sent a notice of acceleration and notice of trustee's sale to the Acostas. Servbank posted the Property for a May 6, 2025 foreclosure sale.

On May 1, 2025, Acosta filed suit against Servbank in the 412th Judicial District Court of Brazoria County, Texas. Acosta obtained a temporary restraining order stopping the scheduled foreclosure sale. In the live pleading, the original petition filed in state court, Acosta brings the following causes of action: (1) breach of contract; (2) violations of Texas Debt Collection Act ("TDCA"); (3) breach of duty of cooperation; and (4) tortious interference with contract. Servbank timely removed this matter to federal court. Servbank now moves for summary judgment.

## LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when there is evidence sufficient for a rational trier of fact to find for the non-moving party." *Schnell v. State Farm Lloyds*, 98 F.4th 150, 156 (5th Cir. 2024) (quotation omitted). "The movant has the burden of showing that there is no genuine issue of fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the movant makes such a showing, "the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (quotation omitted). The nonmoving party "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Id.* (quotation omitted). At this stage, I "view all facts, and the inferences to be drawn from them, in the light most favorable to the nonmovant." *Id.* at 269 (quotation omitted).

Acosta has not responded to the motion for summary judgment. According to the local rules, failure to respond to a motion is taken as a representation of no opposition. *See* S.D. Tex. L.R. 7.4. Notwithstanding Acosta's failure to respond,

summary judgment may not be awarded by default, even if failure to respond violates a local rule. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). I must independently determine whether summary judgment is proper.

## ANALYSIS

### A.   BREACH OF CONTRACT

Acosta alleges that Servbank breached the deed of trust "by not sending the proper notices under the Deed of Trust, refusing to accept payments from [Acosta], as well as not giving [Acosta] access to the correct financial information as promised by [Servbank]." Dkt. 1 at 11.

Under Texas law, a plaintiff suing for breach of contract must prove "that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Acosta's breach of contract claim fails for several reasons.

First, it is undisputed that Acosta failed to perform as contractually required. The deed of trust requires Acosta to "pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note." Dkt. 15-2 at 4. Acosta violated this provision by failing to make timely monthly payments. Under Texas law, "[i]t is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (quotation omitted). "With this basic principle in mind, federal courts routinely dismiss breach of contract actions brought by borrowers in default." *Daigle v. AmeriHome Mortg. Co.*, No. 3:22-cv-00133, 2023 WL 8373179, at *3 (S.D. Tex. Dec. 4, 2023) (collecting cases). As such, Acosta's "own default [of the deed of trust] precludes him from asserting a cause of action for breach of contract against

3

[Servbank]." *Bush v. Wells Fargo Bank, N.A.*, No. SA:13-cv-530, 2014 WL 12496571, at *6 (W.D. Tex. Apr. 24, 2014).

Second, the undisputed record shows that Servbank has not breached the deed of trust. Although Acosta claims that Servbank failed to send him proper notices as required by the deed of trust, the summary judgment evidence establishes that Servbank served Acosta with all required notices. Servbank made a demand for payment, gave the Acostas an opportunity to cure the default, gave clear and unequivocal notice of the intent to accelerate, and, after the Acostas failed to timely cure, gave them clear and unequivocal notice that Servbank had accelerated the debt. *See* Dkt. 16 at 2. Servbank "satisfied its burden of proof by presenting evidence of mailing the notice and an affidavit to that effect. There is no requirement that [Acosta] receive the notice." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

As for Acosta's claim that Servbank breached the deed of trust by refusing to accept payments, there is no genuine issue of material fact. The summary judgment record establishes that Acosta did not make any partial payments. *See* Dkt. 16 at 2. Moreover, the deed of trust allows Servbank to accept, or not accept, partial payments, when a partial payment is insufficient to bring the loan current. *See* Dkt. 15-2 at 4.

Similarly, there is no genuine issue of material fact concerning Acosta's allegation that Servbank failed to give him "access to the correct financial information." Dkt. 1 at 11. The notices that Servbank sent Acosta clearly and unequivocally explain that he has failed to make his required payments under the Note, and provide the amount needed to pay off the Note. Thus, Servbank is entitled to summary judgment on Acosta's breach of contract claim.

**B.    TDCA**

Acosta contends that Servbank violated the TDCA by making misrepresentations "about the status of the loan[,] . . . information in the Loan, the incorrect amount owed on the Loan, and [Acosta]'s ability to reinstate the Loan."

4

*Id.* at 13. Servbank argues that summary judgment is appropriate on Acosta's TDCA claim because he does not point to "an alleged misrepresentation." Dkt. 15 at 10. "To violate the TDCA using a misrepresentation, the debt collector must have made an *affirmative statement* that was false or misleading." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015) (quotation omitted).

"[W]hen the nonmovant has the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has failed to establish an element essential to that party's case." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). "[W]hile it is true that a movant cannot support a motion for summary judgment with a conclusory assertion that the nonmovant has no evidence to support his *case*, a movant may support a motion for summary judgment by pointing out that there is no evidence to support a *specific element* of the nonmovant's claim." *Id.* at 335 n. 10.

Although Acosta cursorily asserts that Servbank made "misrepresentations," he does not identify any affirmative statement made by Servbank that was false or misleading. Dkt. 1 at 13. Simply put, Acosta has failed to produce any evidence to support an essential element of his TDCA claim. Without evidence of a specific alleged misrepresentation, Acosta's TDCA claim cannot stand. For this reason, Servbank is entitled to judgment as a matter of law on Acosta's TDCA claim.

## C.    BREACH OF DUTY OF COOPERATION

In Texas, "[a] duty to cooperate is implied in every contract in which cooperation is necessary for performance of the contract." *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 770 (Tex. App.–Dallas 2005, pet. denied). "The duty to cooperate is a 'promise that a party will not do anything to prevent or delay the other party from performing the contract.'" *Dick v. Colo. Hous. Enters., L.L.C.*, 780 F. App'x 121, 124 (5th Cir. 2019) (quoting *Tex. Nat'l Bank v. Sandia Mortg. Corp.*, 872 F.2d 692, 698 (5th Cir. 1989)).

In seeking summary judgment on the duty to cooperate claim, Servbank notes that Acosta has offered "no credible evidence that [Servbank] did anything to prevent or delay [Acosta]'s performance on the Note." Dkt. 15 at 11. At summary judgment, the burden is on Acosta to provide evidence creating a genuine issue of material fact that Servbank breached its duty to cooperate. Acosta offers nothing. Servbank is entitled to summary judgment on Acosta's duty of cooperation claim.

**D.    TORTIOUS INTERFERENCE WITH CONTRACT**

Acosta's final cause of action is for tortious interference with contract. Acosta asserts that he entered a contract to sell the Property and that Servbank's foreclosure efforts prevented him from "completing the sale and paying off [Servbank] in full." Dkt. 1 at 14.

To prevail on a tortious interference with contract claim under Texas law, Acosta must demonstrate: "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss." *Prudential Ins. Co. of Am. v. Fin. Rev. Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). Even if I assume, for the sake of argument, that Acosta can establish each element of this cause of action, his claim still fails. Servbank is entitled to summary judgment on Acosta's tortious interference with contract claim because the summary judgment evidence conclusively establishes that Servbank was justified in posting the Property for foreclosure.

"Justification is an affirmative defense to tortious interference with contract." *Id.* at 80. "[T]he justification defense can be based on the exercise of either (1) one's own legal rights or (2) a good-faith claim to a colorable legal right, even though that claim ultimately proves to be mistaken." *Id.* Both federal and Texas state courts regularly hold that lenders are permitted to legally exercise contractual rights under agreements with borrowers without incurring liability for tortious interference. *See Rodriguez v. Ocwen Loan Servicing, Inc.*, No. CIV.A. H-07-4546, 2008 WL 239652, at *6 (S.D. Tex. Jan. 29, 2008) (Because "Ocwen was

well within its rights to foreclose on the property . . . , Rodriguez's tortious interference with contract claim must be dismissed."), *aff'd sub nom. Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x. 854 (5th Cir. 2009); *Abraham v. Ryland Mortg. Co.*, 995 S.W.2d 890, 895 (Tex. App.—El Paso 1999, no pet.) (Because the mortgagee "established that the note secured by the deed of trust was in default, and that the deed of trust gave [the mortgagee] the right to foreclose on [the property] in the event of default[,]" the mortgagee has a complete defense to tortious interference with contract.); *Comerica Bank-Tex. v. Hamilton*, No. 05-93-01804-CV, 1997 WL 421214, at *8 (Tex. App.—Dallas July 28, 1997, no writ) (Because bank "had a contractual right to post the property for foreclosure, and to foreclose, if the note was in default[,] . . . it is therefore privileged from a claim of tortious interference.").

Because Servbank exercised its legal right to pursue foreclosure, Servbank has established its affirmative defense of justification as a matter of law and is entitled to summary judgment on Acosta's claim for tortious interference with an existing contract.

## SERVBANK'S REQUEST FOR ATTORNEYS' FEES

There is one final matter I must address. Servbank contends that it is entitled to $6,394.40 in attorneys' fees incurred in defending this lawsuit. "Federal and Texas law both recognize that although the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser, such recovery is permissible if explicitly provided for by statute or an enforceable contract." *Rodriguez v. Quicken Loans, Inc.*, 257 F. Supp. 3d 840, 845 (S.D. Tex. 2017) (cleaned up). Here, Section 9 of the deed of trust provides that the lender may charge Acosta attorneys' fees and expenses incurred in protecting the lender's interest in the Property. *See* Dkt. 15-2 at 7. The deed of trust further provides that expenses, including attorneys' fees, incurred by the lender in protecting its rights in the Property "become additional debt" of the borrower. *Id.* at 8.

In support of its request for attorneys' fees, Servbank attaches to its summary judgment briefing the affidavit of one its attorneys, Branch M. Sheppard, and billing statements from Sheppard's law firm. *See* Dkt. 15-8. Sheppard attests that Servbank has reasonably incurred attorneys' fees in the amount of $6,394.40 through the summary judgment proceedings. *See id.* at 1. After reviewing the uncontroverted evidence before me, I find that Servbank is entitled to recover $6,394.40 in attorneys' fees as authorized by the deed of trust.

## CONCLUSION

For the reasons discussed above, I grant Servbank's motion for summary judgment. I also find that Servbank is entitled to recover $6,394.40 in attorneys' fees from Acosta. I will issue a final judgment separately.

SIGNED this 1st day of July 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE